UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

KENNEITH E. JONES,                                    No. 14-11174

                    Plaintiff,                        District Judge Paul D. Borman

v.                                                    Magistrate Judge R. Steven Whalen

CHRYSLER LLC GROUP,

                    Defendant.
_____ /

**REPORT AND RECOMMENDATION**

On March 20, 2014, Plaintiff Kenneith E. Jones filed a *pro se* civil complaint

against Chrysler LLC Group ("Chrysler"), pursuant to Title VII of the Civil Rights Act of

1964, 42 U.S.C. § 2000e-5, *et seq*. Before the Court is Defendant Chrysler's motion to

dismiss [Doc. #21], which has been referred for a Report and Recommendation pursuant

to 28 U.S.C. § 636(b)(1)(B).  For the reasons discussed below, I recommend that the

motion be GRANTED, and that Plaintiff's complaint be DISMISSED WITH

PREJUDICE.

## I.   FACTS

Plaintiff's complaint is a bit hard to follow. He alleges that his employer, Chrysler,

has stated that he was terminated as an employee on May 20, 1087, but that that "is a

fraudulent statement." However, in the "Relief" portion of his form complaint, Plaintiff

asks that he be "fully reinstated with back pay/pension, insurance, vacation time, and all

other benefits times three with the taxes paid."

In an EEOC complaint, which is appended to his complaint, Plaintiff stated that he began employment with Chrysler "on or about March 5, 1987." He alleged that in May and June of 2013, in response to a request for verification of income, Chrysler "reported that there is no record of my employment with them...." He stated that Chrysler "refuses to reinstate my employment even though it has done so for white employees," and that he has been denied reinstatement because of his race and because of his disability.

Plaintiff has attached other documentation to his complaint that appears to show that he received a Workers Compensation award from Chrysler in the total amount of $145,890.00, for the period August 17, 1987 to November 7, 2005. He has also attached a letter from Sedgwick CMS, a claims management service handling Plaintiff's Workers Compensation claim for Chrysler, dated August 30, 2007, offering a settlement of $64,000.00.

Attached to the Defendant's motion [Doc. #21] as Exhibit A is an administrative complaint that Plaintiff filed with the New York State Division of Human Rights ("DHR") in 1987, claiming that his employer, New Process Gear, terminated his employment on May 20, 1987, on account of his race.[1] Exhibit B is the decision of the DHR dismissing the complaint, and stating, "The record shows that the complainant was

---

[1] In 1987, New Process Gear, located at 6600 Chrysler Drive, East Syracuse, New York, was a subsidiary of Chrysler.

discharged from his employment with the respondent because he could not substantiate his absence with medical documentation. The record shows that the respondent has discharged blacks and white[s] for similar reasons." On July 24, 1990, the New York District Office of the EEOC denied Plaintiff's complaint, determining that there was no violation of Title VII, and issuing a Right to Sue letter, indicating that Plaintiff had 90 days to commence a federal court action. *Defendant's Exhibit C.*

On August 30, 2005, Plaintiff filed a civil complaint in the United States District Court for the Northern District of New York, naming Chrysler New Process Gear and United Auto Workers Local 624 as defendants. *See* Defendant's Exhibit F. His complaint alleged violation of Title VII based on race and gender, and claimed that his termination letter was "bogus." He also alleged fraud. *Id*. On August 23, 2007, the Honorable Gary L. Sharpe, United States District Judge, dismissed the Title VII claim as to Chrysler on statute of limitations grounds:

> "Here, the amended complaint challenges Jones' termination from employment, which occurred in July 1987. Any claim under Title VII premised on that event should have been filed with the EEOC and the Division of Human Rights no later than April 1988....While defendants concede that Jones did timely file an administrative complaint in 1987, and a corresponding right to sue letter was issued in 1990, the ninety day time period to sue has long since expired. Accordingly, Jones' Title VII claimes are time-barred and are therefore dismissed." *Defendant's Exhibit H*, at 6.

Judge Sharpe also dismissed Plaintiff's fraud claim as falling outside the six-year statute of limitations. *Id*. at 6-7.

## II.    STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted."  Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)."  In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief.  *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

The United States Supreme Court has modified the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6).  In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true."  *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502

F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, citing *Twombley*, 550 U.S. at 555.  Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]''–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal citations omitted).

### III.   DISCUSSION

### A.   Failure to State a Plausible Claim

Fed.R.Civ.P 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The complaint must "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory," and bare assertions of legal conclusions are insufficient.  *Scheid v. Fanny farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.

1988). *See also Iqbal*, 556 U.S. at 678-79. The Sixth Circuit has recognized that such pleading requirements are mandatory, even for *pro se* litigants. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). A court "should not have to guess at the nature of the claim asserted." *Id*.

In this case, Plaintiff's complaint alleges in the most skeletal and conclusory terms that he was denied reinstatement at Chrysler on account of his race. Nothing more. This is insufficient under *Iqbal.* Likewise, Plaintiff's conclusory allegation of fraud falls well short of the particularity required by Fed.R.Civ.P. 9(b). *See SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 358 (6th Cir. 2014).[2]

### B.   Res Judicata

In *Browning v. Levy*, 283 F.3d 761, 771(6th Cir. 2002), the Sixth Circuit described the doctrine of *res judicata* as follows:

> "A claim is barred by the res judicata effect of prior litigation if all of the following elements are present: '(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.'" (Quoting *Bittinger v. Tecumseh Prods. Co.,* 123 F.3d 877, 880 (6th Cir.1997).

The Plaintiff's New York litigation ended in a dismissal, which, under Fed.R.Civ.P. 41(b), "operates as an adjudication on the merits." The New York action and the present action involved the same parties, the same issues (however vaguely pled),

---

[2] Plaintiff's "Amended Local Rule 8 Claim for Relief" [Doc. #36] is equally conclusory, and adds no flesh to his bare-bones complaint.

and the same claims. All of the elements of *res judicata* having been met, Plaintiff's

complaint must be dismissed.

### C.    Statute of Limitations

For the same reasons discussed by Judge Sharpe of the Northern District of New

York, *see* Memorandum Decision and Order, pp. 5-8 (Defendant's Exhibit H), this

complaint is barred by the statute of limitations, which runs for 90 days form the date of

the EEOC's July 24, 1990 right to sue letter. Plaintiff's complaint was filed on March 20,

2014.

### IV.    CONCLUSION

For these reasons, I recommend that Defendant's Motion to Dismiss [Doc. #21] be

GRANTED, and that Plaintiff's complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed  within fourteen

(14) days of service of a copy hereof, including weekends and intervening holidays, as

provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file

specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,*

474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932

F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of

objections which raise some issues but fail to raise others with specificity will not

preserve all the objections a party might have to this Report and Recommendation.  *Willis*

*v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local*

*231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 24, 2015


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 24, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager