UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH JONES,

        Plaintiff,                                  Case No. 14-11174

                                                  Paul D. Borman
v.                                                 United States District Judge

                                                  R. Steven Whalen
CHRYSLER LLC GROUP,               United States Magistrate Judge

        Defendant.
_____/

ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING MAGISTRATE JUDGE
R. STEVEN WHALEN'S FEBRUARY 24, 2015 REPORT AND RECOMMENDATION
(ECF NO. 45), GRANTING DEFENDANT'S MOTION TO DISMISS (ECF NO. 21)
AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE

      Before the Court are Plaintiff's Objections to Magistrate Judge R. Steven Whalen's February 24, 2015 Report and Recommendation to Grant Defendant's Motion to Dismiss and to Dismiss Plaintiff's Complaint with Prejudice. (ECF No. 45, Report and Recommendation.) Subsequent to the filing of the Report and Recommendation, Plaintiff filed several documents (ECF Nos. 47-53), each of which the Court construes as an Objection to the Magistrate Judge's Recommendation that the Court grant Defendant's Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.[1]

---

[1] To the extent that Plaintiff's filings post-Report and Recommendation can be construed as separate motions and not objections to the Report and Recommendation, they are denied as MOOT given the Court's adoption of the Magistrate Judge's Recommendation to grant Defendant's motion to dismiss and to dismiss Plaintiff's Complaint with prejudice.

  Additionally, Plaintiff's February 25, 2015 filing, docketed as ECF No. 47, also appears to object to Magistrate Judge Whalen's February 24, 2015 Order Denying Plaintiff's Motion to Compel (ECF No. 46, Order). The Court also OVERRULES this Objection, which fails to demonstrate that the Magistrate Judge's Order was clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A);

1

This Court reviews *de novo* the portions of a report and recommendation to which specific objections have been filed. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which valid objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court OVERRULES the Objections, ADOPTS the Report and Recommendation, GRANTS Defendant's Motion to Dismiss and DISMISSES Plaintiff's Complaint with Prejudice.

## I.  BACKGROUND

The Magistrate Judge adequately summarized the background of this case in his February 24, 2015 Report and Recommendation and the Court adopts that summary here. (ECF No. 45, Report and Recommendation 1-3.)

## II.  STANDARD OF REVIEW

A district court judge reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Objections must be timely to be considered. A party who receives notice of the need to timely object yet fails to do so is deemed to waive review of the district court's order adopting the magistrate judge's recommendations. *Mattox v. City of Forest Park,* 183 F.3d 515, 519-20 (6th Cir. 1999). "[A] party *must* file timely objections with the district court to avoid waiving appellate review." *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (emphasis in original).

---

Fed. R. Civ. P. 72(a).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Specific objections enable the Court to focus on the particular issues in contention. *Howard*, 932 F.2d at 509. Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*. "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings [the objector] believed were in error" are too summary in nature. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

### III.   ANALYSIS

Plaintiff's Objections, styled variously as a "motion to proceed to trial," an "objection to the dismissal of his case," and "a right to due process," fail to identify specific portions of Magistrate Judge Whalen's Report and Recommendation with which Plaintiff disagrees. Plaintiff's Objections do not acknowledge the Magistrate Judge's discussion of the three separate bases for dismissal of Plaintiff's Complaint, *i.e.*, failure to state a plausible claim, res judicata and statute of limitations. Plaintiff's Objections do nothing more than disagree, "without explaining the source of the error,"

with the Magistrate Judge's ultimate determination that Defendant's motion to dismiss should be granted and Plaintiff's Complaint dismissed. Such general statements of disagreement with the result reached by the Magistrate Judge fail to give this Court sufficient direction to enable the Court to focus on the particular issues in contention and are not valid objections.

Accordingly, the Court OVERRULES Plaintiff's Objections (ECF Nos. 47-51), ADOPTS the Report and Recommendation (ECF No. 45), GRANTS Defendant's Motion to Dismiss (ECF No. 21) and DISMISSES Plaintiff's Complaint WITH PREJUDICE.

IT IS SO ORDERED.

                                            s/Paul D. Borman
                                            PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

Dated: March 9, 2015

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 9, 2015.

                                            s/Deborah Tofil
                                            Case Manager